UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYLIN & RAMTIN, LLC, and <br> JOHN DOE, <br><br>     Plaintiffs and <br>     Counter Defendants, <br><br>     v. <br><br> TODD BARNHARDT, <br> LMLC MANAGEMENT, LLC, and <br> LMLC FRANCHISING, LLC, <br><br>     Defendants, and <br>     Counter Plaintiffs, <br><br> TODD BARNHARDT, <br> LMLC MANAGEMENT, LLC, and <br> LMLC FRANCHISING, LLC, <br><br>     Third-Party Plaintiffs, <br><br>     v. <br><br> MBM PLUS, LLC, FOROUD SHAREGH, <br> and SEPIDEH NOEKHAH, <br><br>     Third-Party Defendants. | Case No. 19-cv-3402 <br><br> Hon. Steven C. Seeger |

**<u>ORDER</u>**

Plaintiffs' motion to dismiss and strike Defendants' counterclaims (Dckt. No. 78) is denied.

Plaintiffs contracted with Defendants to franchise and manage childcare centers in Illinois. But the centers never got off the ground. So, Plaintiffs sued Barnhardt, LMLC Franchising, and LMLC Management, bringing a collection of claims including breach of

contract, breach of fiduciary duty, negligent misrepresentation, and fraudulent misrepresentation, as well as a claim under the Illinois Franchise Disclosure Act. *See* Cplt. (Dckt. No. 1). In response, Defendants filed six counterclaims. *See* Am. Counterclaims (Dckt. No. 38).

Plaintiffs filed a motion to dismiss the counterclaims. *See* Pls.' Mtn. to Dismiss (Dckt. No. 78). In response, Defendants requested leave to replead Count IV and Count V (both tortious interference with economic relationship claims), and withdrew Count VI (a covenant of good faith and fair dealing claim). *See* Defs.' Resp. to Pls.' Mtn. to Dismiss, at 14 (Dckt. No. 91). The Court grants Defendants' request and dismisses those three counterclaims (Counts IV, V, and VI) without prejudice. The Court grants Defendants leave to file amended counterclaims within seven days of entry of this Order.

Now, the Court turns to Plaintiffs' motion to dismiss the remaining three counterclaims, all of which allege breach of contract. In Count I, LMLC Management alleges that Aylin & Ramtin breached the Management Agreements by failing to make capital contributions. *See* Am. Counterclaims, at ¶¶ 48–51 (Dckt. No. 38). In Count II, LMLC Management alleges that Aylin & Ramtin breached the Management Agreements by interfering with the development and operation of the childcare centers. *Id.* at ¶¶ 52–55. And in Count III, LMLC Franchising brings a breach of contract claim against Aylin & Ramtin for violating multiple provisions of the Franchising Agreements. *Id.* at ¶¶ 56–73.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive, a complaint or a counterclaim must give the other party

fair notice of the basis for the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To begin, Plaintiffs argue that Defendants' allegations "primarily consist of single sentence conclusory accusations of harm" that are too general to meet the pleading standards. *See* Pls.' Mem. in Support of Mtn. to Dismiss ("Pls.' Mem."), at 4 (Dckt. No. 78-1). Plaintiffs complain that Defendants didn't provide enough detail. But based on the Court's review, there is plenty of detail in Defendants' allegations, and more than enough to give Plaintiffs fair notice under Rule 8.

For example, consider the allegation that Plaintiffs breached the Management Agreements by failing to make capital contributions. Plaintiffs argue that "Defendants failed to allege sufficient facts to establish the occurrence of the alleged delay in funding . . . ." *See* Pls.' Reply, at 4 (Dckt. No. 94). But the counterclaim alleges that Plaintiffs failed to make required capital contributions, and even goes on to allege that Plaintiffs failed to make the contributions "by denying Attorney Kameli (opposing counsel) authority to release funds Attorney Kameli held in trust for purposes of making timely capital contributions." *See* Am. Counterclaims, at ¶¶ 5–6 (Dckt. No. 38).

Similarly, consider Defendants' counterclaim about the Franchising Agreements. Plaintiffs argue that Defendants didn't sufficiently allege "information about the misuse of the proprietary mark" in another daycare. *See* Pls.' Reply, at 5 (Dckt. No. 94). But Defendants allege that Aylin & Ramtin continued to use "proprietary marks after establishing a school not in the location of the Little Minds Learning Center School." *See* Am. Counterclaims, at ¶ 24. That allegation is a little vague, but it is more than enough under the Federal Rules. The parties can elicit the details in discovery. And assuming that the facts in Defendants' counterclaims are true

3

(as this Court must, at this early stage), Plaintiffs would have the facts about another childcare center in their possession.

At this stage, the Court cannot say that Defendants' allegations are too conclusory to withstand a motion to dismiss.

Plaintiffs also argue that Defendants do not state breach of contract claims. Under Illinois law, a breach of contract claim includes the following elements: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 786 (7th Cir. 2015) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752, 286 Ill. Dec. 734, 814 N.E.2d 960, 967 (2004)). Notably, when a party materially breaches a contract provision, the nonbreaching party may be excused from its duty of counter-performance. *See Elda Arnhold & Byzantio, LLC v. Ocean Atl. Woodland Corp.*, 284 F.3d 693, 700 (7th Cir. 2002) (citing *Finch v. Illinois Cmty. Coll. Bd.*, 315 Ill. App. 3d 831, 248 Ill. Dec. 398, 734 N.E.2d 106, 111 (2000)).

For each count, Plaintiffs agree that Defendants adequately pleaded the existence of a valid and enforceable contract, but argue that (1) the allegations of breach and damages are too conclusory, and (2) Defendants failed to allege substantial performance. *See* Pls.' Mem. (Dckt. No. 78-1).

Once again, Defendants' allegations are sufficient. They plausibly allege that Plaintiffs failed to make required contributions. They plausibly allege that Plaintiffs interfered with development and operation of the school by alleging that Plaintiffs "intervening with DHS[,] advising the Department that LMLC Management would no longer be running the School, and [] seeking to license and open and operate a different school." *See* Am. Counterclaims, at ¶ 33

4

(Dckt. No. 38). And they plausibly allege a laundry list of violations to the Franchise Agreements. *Id.* at ¶¶ 21–45.

For damages, Defendants give detailed allegations on how Plaintiffs' alleged breaches caused "losses of pre-paid rent," "expenditures of time and money," and other damages. *See* Am. Counterclaims, at ¶ 50 (Dckt. No. 38). While the details are sometimes vague, there is enough to overcome the low hurdle of notice pleading.

When it comes to substantial performance, Plaintiffs are correct that Defendants failed to allege substantial performance. But the Federal Rules of Civil Procedure require parties to plead claims, not elements. *See Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) ("Ever since their adoption in 1938, the Federal Rules of Civil Procedure have required plaintiffs to plead claims rather than facts corresponding to the elements of a legal theory.") (emphasis in original). "Because complaints need not identify the applicable law, it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Id.* (citations omitted). And substantial performance can be excused if the breach is material. *See Elda*, 284 F.3d at 700.

There are enough factual allegations in the counterclaims to support a plausible inference that Plaintiffs' failure to pay capital contributions, and their violation of multiple provisions of the contracts, constitute material breaches. Plaintiffs might think that any breach on their part was not material, but that is a *theory* of the case. Defendants' counterclaims are not deficient because they advance a different *theory* of the case. These claims may not pan out at discovery, but they can go forward at this point.

Finally, Plaintiffs move to strike Count II, arguing that it is redundant of Count I because both allege breaches of the Management Agreements. *See* Pls.' Mem., at 7 (Dckt. No. 78-1).

While both claims involve the Management Agreements, Count I alleges capital contribution violations while Count II alleges development and operation violations. While similar, the facts underlying each claim are different. Count I relies on facts related to payment while Count II relies on facts related to communications with DHS and landlords. As a result, the Court declines to exercise its discretion to strike under Rule 12(f).

The motion to dismiss and to strike is hereby denied.

Date:  March 4, 2022

Steven C. Seeger
United States District Judge