UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AYLIN & RAMTIN, LLC, and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Plaintiffs and | ) | |
| Counter Defendants, | ) | Case No. 19-cv-3402 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| TODD BARNHARDT, | ) | |
| LMLC MANAGEMENT, LLC, and | ) | |
| LMLC FRANCHISING, LLC, | ) | |
| | ) | |
| Defendants, and | ) | |
| Counter Plaintiffs, | ) | |
| _____ | ) | |
| | ) | |
| TODD BARNHARDT, | ) | |
| LMLC MANAGEMENT, LLC, and | ) | |
| LMLC FRANCHISING, LLC, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MBM PLUS, LLC, FOROUD SHAREGH, | ) | |
| and SEPIDEH NOEKHAH, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs moved to strike Defendants' affirmative defenses because they are conclusory. *See* Pl.'s Mtn. (Dckt. No. 77). The motion to strike is granted in (small) part and denied in (large) part.

Defendants' amended answer included a laundry list of nine affirmative defenses, plus a reservation of rights to assert additional defenses down the road. *See* Am. Answer (Dckt. No.

39). If the defenses are insufficient, the Federal Rules give this Court the power to strike them. Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). But it is discretionary. A district court "may" strike, not *must* strike, bad defenses. *Id.*

"Motions to strike are generally disfavored because they 'potentially serve only to delay.'" *Maui Jim, Inc. v. SmartBuy Guru Enters.*, 386 F. Supp. 3d 926, 937 (N.D. Ill. 2019) (quoting *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). But "when striking portions of a pleading removes unnecessary clutter from the case, the motion may serve to expedite, not delay." *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014) (cleaned up). As a result, "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Heller*, 883 F.2d at 1294. All too often, motions to strike don't speed things up – they slow things down.

Plaintiffs primarily argue that the affirmative defenses should be stricken because they are cursory, failing to offer any factual basis for the defenses. *See* Pls.' Mtn. to Strike (Dckt. No. 77-1). Defendants' affirmative defenses are a little conclusory, but only up to a point.

Viewed in isolation, the answer doesn't put much meat on the bone when it comes to the affirmative defenses. There isn't a lot of factual content. Even so, Plaintiffs overlook the fact that "Defendants incorporate-by-reference all factual allegations" in their Amended Counterclaims and "further incorporate all filed exhibits in this matter." *See* Am. Answer, at 16 (Dckt. No. 39). The allegations in the counterclaims and the accompanying exhibits (including Franchising Agreements, Management Agreements, and a Service Agreement) include a number of facts that provide the footing for the affirmative defenses. So, there's more factual content than meets the eye (at first glance, anyway).

Taking a step back, answers typically do not contain the same level of factual content as complaints. Rule 8(b)(1)(A) provides that an answer must "state in short and plain terms its defenses." *See* Fed. R. Civ. P. 8(b)(1)(A) (emphasis added). And Rule 8(c)(1) requires a defendant to "state any avoidance or affirmative defenses" in the answer. *See* Fed. R. Civ. P. 8(c)(1). At first glance, that language isn't much different than the language that governs complaints. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

But the language isn't identical. And on a closer read, subtle but important textual differences emerge. *See RBG Plastic, LLC v. Webstaurant Store*, 2020 WL 7027601, at *4 (N.D. Ill. 2020) (Chang, J.) ("[A] close comparison of Civil Rule 8's textual treatment of claims versus affirmative defenses dictates that affirmative defenses are subject to a *lower* pleading standard than claims.") (emphasis in original).

Rule 8(a)(2) requires a complaint to "show[]" that the plaintiff is entitled to relief, but Rule 8(b)(1)(A) and Rule 8(c)(1) simply require a defendant to "state" its defenses. So a complaint must "show[]," but an answer can simply "state." *See* Fed. R. Civ. P. 8(a)(2), (b)(1), (c)(1). Under the Federal Rules, and in life, there's a big difference between *tell* me and *show* me.

The difference in language may reflect the fact that plaintiffs and defendants sit in fundamentally different seats. Plaintiffs are on offense, and defendants are on defense. Plaintiffs are the ones who want something from the court, meaning that they want to change the status quo. So they must carry the burden of "show[ing]" that they are "entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

On the flipside, defendants simply have to "state" their defenses. *See* Fed. R. Civ. P. 8(b)(1), (c)(1). That is, defendants have to "state" why plaintiffs should get nothing. *Id.* The Federal Rules do not require defendants to *show* that plaintiffs are *not* entitled to relief. Defendants, unlike plaintiffs, don't have to "show[]" anything. *See* Fed. R. Civ. P. 8(a)(2).

The Seventh Circuit has not spoken definitively on whether the Federal Rules require defendants to articulate the factual basis for defenses in their answers, like plaintiffs must do for complaints under *Twombly* and *Iqbal*. The other Circuits appear to be split, with the balance tipping in favor of requiring less factual content in answers than in complaints. *See RBG Plastic, LLC*, 2020 WL 7027601, at *4 ("At this time, then, there is no national consensus that affirmative defenses are held to the same pleading standard as claims. If anything, it is the opposite, with more Circuits refraining from applying *Twombly/Iqbal* to affirmative defenses.") (citing cases).

"Several courts – including the Second Circuit – have reached the conclusion that *Twombly* and *Iqbal* apply to affirmative defenses. However, the majority of courts have rightly held that Rule 8(c) does not warrant the extension of the *Twombly* and *Iqbal* standard to affirmative defenses." *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (4th ed. 2021). "As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense."[1] *Id.*

---

[1] Two prominent treatises on federal procedure – Wright & Miller's Federal Practice and Procedure, and Moore's Federal Practice – have adjusted their positions on this issue in recent years. In *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2d Cir. 2019), the Second Circuit concluded that the plausibility standard of *Twombly* applies to answers, too. The Second Circuit noted that Wright & Miller had "tak[en] no position" on the issue. *Id.* at 98. But since then, Wright & Miller has taken a position, coming out the other way and expressly disagreeing with the Second Circuit. *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (4th ed. 2021). On the flipside, the Second Circuit noted that Moore's Federal Practice did not favor applying *Twombly* to answers. *See GEOMC*

4

That approach seems to mesh with the text, and it reflects how lawyers actually litigate in the real world. In practice, lawyers treat complaints differently than they treat answers. Complaints tend to include details and facts, but answers tend to invoke affirmative defenses in generic fashion. The list of defenses is usually something closer to an off-the-shelf, cut-and-paste list than a bespoke, tailor-made recitation of the facts of the case. And the list of affirmative defenses tends to be over-inclusive, for fear of waiver. *See* Fed. R. Civ. P. 12(b) ("*Every* defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.") (emphasis added).

One could debate whether that practice is consistent with the language of the Rules. But there isn't much reason to entertain that debate. There is a better alternative to motion practice, which would require courts to police the adequacy of answers at the pleading stage. A better approach is for a plaintiff to serve an interrogatory, and ask the defendant to provide the factual basis for each affirmative defense. If there is none, then the plaintiff could move for summary judgment on those defenses someday, if necessary. *See* Fed. R. Civ. P. 56(a).

A more flexible approach toward answers makes sense given the asymmetry between plaintiffs and defendants when it comes to the lead time for pleadings. Statutes of limitations tend to be generous, often giving plaintiffs years to think about filing a lawsuit. They have a lot

---

*Co.*, 918 F.3d at 97–98 (citing the 2018 version of the third edition of Moore's). So, the Second Circuit adopted a position that was different than the one favored by Moore's Federal Practice. But since then, Moore's Federal Practice has released an update. The updated version calls attention to the Second Circuit's decision in *GEOMC*, but no longer takes the position that *Twombly* does not apply. *Compare* 2 James Wm. Moore *et al.*, Moore's Federal Practice § 12.37[4] (3d ed. 2018) ("If a plaintiff files a motion to strike one or more defenses, the better view is that the plausibility standard of *Twombly* does not apply in judging the adequacy of the defendant's pleaded defenses, although there is some authority to the contrary.") (footnote omitted), *with* 2 James Wm. Moore *et al.*, Moore's Federal Practice § 12.37[4] (3d ed. 2020) (noting that "[d]istrict courts have disagreed" over whether *Twombly* applies to answers, and opining that the Second Circuit's "context" approach "makes sense").

of time to ponder potential claims, gather the facts, and then arrive at the courthouse at a time of their choosing. They have the element of surprise, and dictate the timing.

Defendants don't have that luxury. The Federal Rules give them only 21 days – a mere three weeks – to serve an answer (or a motion to dismiss). *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Oftentimes, defendants are not sitting around expecting lawsuits, with lawyers and arguments ready to go. Defendants often have to scramble to retain counsel, figure out the facts as best they can, and then serve an answer.

Plaintiffs have a lot more runway than defendants, so it makes sense to require more from plaintiffs than defendants when it comes to pleadings. When it comes to answers, the expectation for speed is inconsistent with the expectation for specificity.

In the meantime, courts are not in the business of rejecting generic affirmative defenses, at least not at the pleading stage. That pleading policework would lead to a proliferation of motion practice, which is already abundant (and then some). A different approach would encourage motions to strike and turn Rule 12(f) on its head, transforming it from a disfavored path into an overcrowded highway with a traffic jam of motions.

To the extent that Plaintiffs argue that the affirmative defenses are conclusory, the motion to strike is denied. Plaintiffs make two other arguments.

First, Plaintiffs argue that the Court should strike Defendants' fifth affirmative defense, failure to state a claim, because it is not an affirmative defense. *See* Pls.' Mtn. to Strike, at 6 (Dckt. No. 77-1). "Whether 'failure to state a claim' can be properly asserted as an affirmative defense is not settled within the Seventh Circuit." *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 785 (N.D. Ill. 2018).

"Failure to state a claim" may not technically be an *affirmative* defense, "because it does not raise any matter outside of Plaintiff's complaint." *See LaSalle Bank Nat'l Ass'n v. Paramont Props.*, 588 F. Supp. 2d 840, 860 (N.D. Ill. 2008) (St. Eve, J.). A failure to state a claim is not one of the affirmative defenses listed in Rule 8(c)(1). *See* Fed. R. Civ. P. 8(c)(1). But it is a "defense" within the meaning of Rule 12(b)(6). That rule provides that "[e]very defense to a claim for relief must be asserted in the responsive pleading if one is required." *See* Fed. R. Civ. P. 12(b). And the list of "defenses" expressly includes "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6).

Plaintiffs rightly note that a bare-bones assertion of a "failure to state a claim" doesn't give them much to go on. But that's common practice. Answers rarely, if ever, articulate the reasons why the complaint fails to state a claim. And it is routine for answers to include "failure to state a claim" as a defense – just in case, for fear of waiver.

If Plaintiffs want more information, they can serve an interrogatory. Or, they could file an early motion for summary judgment on that issue (this Court is loath to suggest that alternative), and force Defendants to put their cards on the table. But a motion to strike isn't the way to get more information.

Finally, the parties quibble over whether Defendants assert a tenth affirmative defense reserving additional affirmative defenses. A reservation of rights is not an affirmative defense. It is unnecessary, too, because "there is no procedure for reserving a right to plead affirmative defenses at a later date." *See Manley v. Boat/U.S. Inc.*, 2016 WL 1213731, at *6 (N.D. Ill. 2016) (Dow, J.) (quoting *Dresser Indus., Inc. v. Pyrrhus AG*, 936 F.2d 921, 928 n.6 (7th Cir. 1991)).

To the extent that Defendants asserted an affirmative defense reserving rights, the Court strikes it because it has no meaning. Defendants have no "rights" to reserve. If Defendants want

7

to assert more defenses later, they can ask this Court for leave to amend.  *See* Fed. R. Civ. P. 15.  But in the meantime, this Court is not taking reservations for future motions.

Date:   March 4, 2022

_____

Steven C. Seeger
United States District Judge